### DENDEL *v.* SUTTON, Assignee of Craig, Bankrupt.

(*Circuit Court, S. D. Illinois.* 1884.)

BANKRUPTCY—MORTGAGE—HOMESTEAD—FORECLOSURE—DEFENDANT.
   If a mortgage is executed by one who afterwards becomes bankrupt, and in his schedule states the premises to be his homestead, the mortgagor must be made a party defendant in the foreclosure proceedings, and cannot be made to appear by his assignee unless the mortgage of the homestead was acknowledged according to the statute of Illinois providing for the acknowledgment of mortgages of homestead.

Appeal from District Court.

DRUMMOND J. The leading facts in this case are that the bankrupt mortgaged to Dendel a lot of land in Jacksonville, which was his homestead; that the acknowledgment did not contain a relinquishment of the homestead right, as was required by the statute. After having made this mortgage, he filed a voluntary petition in bankruptcy and was declared a bankrupt. In his schedule he said that he had a homestead right in this lot of land in Jacksonville. The bankrupt case went on in the usual manner, and an assignee was appointed. Dendel, the mortgagee, afterwards filed a bill in the district court to foreclose the mortgage, and made Sutton, the assignee, and the wife of Craig, who was also a party to the mortgage, parties to the bill, but did not make the bankrupt a party, unless he became such through his assignee. A default was rendered in the case

against the defendants, and a sale made of the property, and Dendel became a purchaser. There was nothing said in the bill or in the decree about the right of homestead of Craig in the property. The time for the redemption from the sale having expired, a deed was made to Dendel, the purchaser under the sale, and then he applied to the district court for a writ of assistance to dispossess Craig from the property, which the court refused to allow, and from the order refusing the writ Dendel has appealed to this court.

I think the decision of the district court was right. Under the conceded facts of the case, the bankrupt had a homestead in the property. The mortgage not being acknowledged in conformity with the statute, the foreclosure proceedings and sale did not divest him of this right. That was an independent proceeding not connected with the proceedings in bankruptcy. The bankrupt law did not destroy the homestead right. The fact that neither the bankrupt nor the assignee interposed to the proceedings of foreclosure the homestead right, did not deprive the bankrupt of the right. If the bankrupt as to that interest was independent, as he clearly was, of the assignee in bankruptcy, then he should have been made a party in order to affect his interest; and it can hardly be assumed that it was the duty of the assignee to bring before the court the right of the bankrupt in property with which he, the assignee, had no connection. It seems clear that the act of congress reserving the interest of the bankrupt in the property means, when it refers to 1871, the amount or value of that interest. So that I think the decree of the district court was correct, and it will be affirmed.